IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONTOYA REMOND BLACKSHEAR | § | |
|     TDCJ-CID NO. 1471386 | § | |
| v. | § | C.A. NO. C-08-117 |
| | § | |
| S. AMBRIZ, ET AL. | § | |

## OPINION AND ORDER TO DISMISS CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, this action is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. On May 27, 2008, plaintiff consented to proceed before a magistrate judge, (D.E. 20), and the action was referred to a magistrate judge. (D.E. 21).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a Texas state prisoner who is currently incarcerated at the Garza West Unit in Beeville, Texas.  He filed this lawsuit on February 27, 2008, raising a First Amendment claim of denial of access to the courts against the law librarian, S. Ambriz.  (D.E. 1).  A Spears[1] hearing was conducted on May 5, 2008, following which plaintiff filed his first amended complaint, alleging claims of denial of his rights to equal protection and discrimination by Officer Flores, Officer Bowman, and Officer Fernandez.  (D.E. 11, 12).  The following allegations were made in plaintiff's original complaint, amended complaint, or at the hearing.[2]

On February 15, 2006, plaintiff was convicted of aggravated assault and sentenced to eight years in prison.  He appealed, and on November 29, 2007, the First Court of Appeals affirmed his conviction.  Thereafter, he was advised by Huntsville attorneys providing assistance to inmates that, to challenge his conviction, he should file an Article 11.07 application for habeas corpus relief in the state trial court.  Plaintiff testified that he also wants to pursue his direct appeal to the Texas Court of Criminal Appeals.

On December 13, 2007, plaintiff arrived at the Garza West Unit.  He began filing I-60 requests to go to the library so that he could work on his state habeas corpus application, however, his requests were routinely denied.  For example, on December 22, 2007, plaintiff submitted an I-60 request to attend the law library.  (D.E. 11-2, at 11-12).  This request was returned unanswered with instructions that plaintiff must submit his request in the law library

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] Plaintiff has also filed numerous documents that have been considered.  (D.E. 13-16, 18, 19).

drop box.³  Id. at 12.  On December 29, 2007, plaintiff submitted another I-60 request to attend the law library.  Id. at 9-10.  It was returned with the notation that defendant Ambriz denied the request because plaintiff had failed to specify his work hours.  Id. at 10.  On January 9, 2008, plaintiff again requested to attend the law library.  Id. at 21-22.  A notation indicates that plaintiff was instructed to submit his request directly to the law library drop box.  Id. at 22.

On January 16, 2008, plaintiff submitted a Step 1 grievance complaining that he had been trying to attend the law library for over a month, but that defendant Ambriz would not let him. (D.E. 11-1, at 23-24).  On February 25, 2008, Warden Mooneyham denied the grievance stating: "Investigation reveals the only request received was scheduled for 1/29/08.  No further action warranted."  Id. at 24.

On February 5, 2008, plaintiff submitted a request to go to the law library, and noted that his job assignment was the kitchen.  (D.E. 11-2, at 17-18).  This I-60 was returned with a notation that he must specify his work hours.  Id. at 18.  On February 21, 2008, he submitted another I-60 request to attend the law library on which he included his work assignment and stated that he was off on Saturday.  Id. at 15-16.  The response instructed him to place the request in the law library drop box that evening for authorization to attend Saturday.  Id. at 16.

On February 22, 2008, plaintiff filed his state habeas corpus application with the trial court.  He argues that the state had thirty days to file its response to his article 11.07 application, but has not yet done so.  He claims that he needs to visit the law library to determine what needs to be done if the state does not respond, and that defendant Ambriz has frustrated those attempts.

---

³ The responses to the I-60's generally are not signed.  Consequently, it is not apparent whether S. Ambriz was answering them, or they were answered by another prison official.

Plaintiff works in the kitchen and cafeteria area.  He claims that, on numerous dates, Officers Flores, Bowman and Fernandez have harassed him and discriminated against him because he is African-American.  For example, on February 8, 2008, plaintiff submitted a grievance complaining that Officer Fernandez used profanity when asking him to move.  (D.E. 11-1, at 31-32).  By response dated March 31, 2008, Warden Pawelek denied plaintiff's grievance stating that an investigation revealed "no evidence of use of vulgar language or staff denial."  Id. at 32.

In April 2008, while working in the kitchen, Officer Fernandez told Officer Bowman to spit sunflower seeds into plaintiff's hat, and then ordered plaintiff to put the hat on.  Plaintiff refused, and later complained to the Kitchen Captain and to a lieutenant in the yard, but defendants were not punished.  Plaintiff also related that, on more than one occasion, Officer Bowman would come into the cafeteria and kitchen area, flip the food trays over, and then order plaintiff to clean-up the mess.

On April 6, 2008, plaintiff filed a grievance complaining that Officer Fernandez used racial slurs against him, and that "officers" were interfering with his outgoing mail.  (D.E. 11-2, at 6-7; D.E. 18, at 4-5).  On April 11, 2008, plaintiff filed a Step 2 grievance complaining that Officer Fernandez was using profanity and racial slurs.  (D.E. 11-2, at 16-17).  He explained that he attempted to complain to Officer Fernandez' supervisors, but no one would listen.  Id. at 17. He claims that Officer Flores also used profanity and racial slurs.

Plaintiff seeks declaratory relief that his rights have been violated, and an injunction enjoining defendants from harassing him and permitting him access to the law library.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To Section 1983.**

The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (per curiam) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  Indeed, a prisoner's action may be dismissed for failure to state a claim upon which relief can be granted even if the inmate has not exhausted all administrative remedies.  42 U.S.C. § 1997e(c)(2).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Oliver, 276 F.3d at 740.

**B.     Analysis Of Plaintiff's Claims.**

   **1.     Plaintiff's denial of access to the courts claim.**

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)).  The State must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries, or access to "persons trained in the law" or other persons who can provide legal assistance.  Bounds, 430 U.S. at 824-28.  However, prison officials have considerable discretion in providing legal resources to prisoners.  Lewis, 518 U.S. at 356.  The right does not guarantee any

"particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id.; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518 U.S. 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)) (emphasis in original). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim, or was prevented from presenting such a claim because of the alleged denial. See Lewis, 518 U.S. at 356. To prevail on a denial of access to the courts claim under § 1983, a plaintiff must show that he suffered an "actual injury." Chriceol, 169 F.3d at 317 (citing Lewis, 518 U.S. at 351-54); see also Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (plaintiff must establish that he suffered some prejudice due to the denial of access).

As to defendant Ambriz, plaintiff's allegations fail to state a claim because he fails to establish that he was prejudiced in any non-frivolous legal proceeding. Specifically, he testified that he filed successfully his state habeas corpus application on February 22, 2008. He does not claim that it was dismissed as untimely or that he was unable to research or present a desired claim. Indeed, his only current concern is whether he needs to bring to the trial court's attention the state's failure to file a response to his habeas petition. That is, even if defendant Ambriz made access to the law library more difficult than it had to be,[4] plaintiff was not prejudiced nor did he suffer any injury as a result of defendant's actions. As such, plaintiff fails to state a claim of denial of access to the courts.

### 2. Plaintiff's denial of equal protection and discrimination claim.

Plaintiff claims that Officers Flores, Bowman, and Fernandez violated his civil rights by discriminating against him as evidenced by their harassing him and using racial slurs against him. He claims that the defendant officers are Hispanic, and that they harass him because he is African-American.

To prevail in an equal protection claim, a plaintiff must establish that the defendant intentionally discriminated against him because of his membership in a protected class. See McCleskey v. Kemp, 481 U.S. 279, 298 (1987); Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999). The plaintiff must have more than a personal belief that he was the victim of discrimination; he must show that the defendant had a discriminatory purpose. See Woods v.

---

[4] A review of plaintiff's I-60's and grievances suggests that he often failed to comply with internal prison procedures to access the law library. On more than one occasion, plaintiff failed to include his work assignment or work schedule on the request, necessitating that it be returned unprocessed. On other occasions, he failed to submit his I-60 to the law library drop box.

Edwards, 51 F.3d 577, 580 (5th Cir. 1995) (per curiam).  Moreover, the plaintiff must show "some specific kind of outlawed discrimination."  Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir. 1988).

In this case, plaintiff fails to identify any "outlawed discrimination."  He complains that the officers used abusive and threatening language towards him, including the use of racially based slurs.  Verbal harassment, without more, however, does not amount to a constitutional violation.  Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993).  For example, in Calhoun v. Hargrove, 312 F.3d 730 (5th Cir. 2002), the Fifth Circuit held that verbal abuse and requiring an inmate to beg for food did not provide a basis for an actionable claim pursuant to § 1983.  Id. at 734.  "[M]ere threatening language and gestures of a custodial [officer] do not, even if true, amount to constitutional violations."  McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (citation omitted); see also Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973) (the use of words, no matter how violent, does not comprise a § 1983 violation) (citation omitted).

Plaintiff's allegations that defendants harassed him and used racial slurs fails to demonstrate that defendants engaged in any outlawed discrimination.  The use of racial slurs, while inappropriate and deplorable, simply does not rise to the level of a constitutional violation to support a claim of discrimination.  Similarly, the fact that defendants dumped food trays, threw Kool-Aid on the walls, and spit in plaintiff's hat, while unprofessional, do not rise to the level of a constitutional violation, and therefore, cannot sustain a claim of discrimination.  Thus, plaintiff's equal protection claims are dismissed for failure to state a claim and as frivolous.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's denial of access to the courts claim against defendant S. Ambriz, as well as plaintiff's equal protection claims against Officers Flores, Bowman, and Fernandez, are dismissed for failure to state a claim and as frivolous.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

ORDERED this 4th day of June 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE